# Allen, Appellant, *v.* Kirk.

*Equity—Specific performance—Misrepresentations—Innocent statements tending to mislead—Discrepancy in size of lot.*

Where one of two parties to an agreement for an exchange of lands innocently and unintentionally misleads the other as to the size of the lot which he is to receive, equity will not specifically enforce the contract.

On a bill in equity for specific performance it appeared that plaintiff and defendant entered into an agreement to exchange real estate. Plaintiff's land was a city lot. Plaintiff drew a rough sketch of it which was practically a rectangle. The southerly line was indicated to be 191 feet, the westerly line, 156 feet, and the easterly line, 155 feet. The length of the northerly line was not indicated. This sketch was delivered by the plaintiff to the real estate agent who was effecting the deal. The agent gave it to defendant. The sketch was made without fraud by plaintiff, and without knowledge of the length of the northerly line. There was no deed on record at the time the agreement was made which indicated the length of this line, nor were there any monuments, marks or corners upon the ground, and no buildings adjoining it, which in any manner indicated the northern or easterly lines. The defendant visited the lot on a cold and stormy day, when there was snow on the ground, and made only a casual examination of it. After the agreement was signed, and when the title was being examined, the deed to plaintiff was placed on record, and a survey was subsequently made, and there was found to be a discrepancy of about twenty-one feet between the real length of the northerly line and the length which the defendant supposed it to be. When plaintiff at first tendered a deed it was refused on the ground that the alleged shortage of the northerly line was five feet. Upon the filing of the bill the reason for refusing was that the northerly line of the property was twenty-one feet shorter than defendant expected it to be. *Held*, that the plaintiff was not entitled to specific performance.

Argued Nov. 6, 1907. Appeal, No. 132, Oct. T., 1907, by plaintiff, from decree of C. P. No. 1, Allegheny Co., June T., 1905, No. 436, dismissing bill in equity in case of Edward Jay Allen v. David Kirk and Ella B. Kirk. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity for specific performance. Before MACFARLANE, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree of the court dismissing the bill.

*William A. Way*, with him *Albert J. Walker*, *Alvin A. Morris* and *Harold Allen*, for appellant.—If a purchaser chooses to judge for himself and does not thoroughly use all the opportunities and sources of information open or offered to him, he cannot be permitted to set up his own carelessness and imprudence and claim to have been misled: Phipps v. Buckman, 30 Pa. 401 ; Clark v. Everhart, 63 Pa. 347 ; Morgan v. Scott, 26 Pa. 51 ; Hostetter v. Daly, 25 P. L. J. (N. S.) 223 ; Fisher v. Worrall, 5 Watts & Sergeant, 478.

*A. Leo Weil*, with him *Charles M. Thorp*, for appellees.— The defendants were misled by the plaintiff as to matters which were material, which were not patent and which were not readily discoverable by inspection. Even if some doubt upon these questions existed, still defendants should not be held to specific performance, because this equitable remedy is a matter of grace and not of right, and where there is a reasonable doubt in the mind of the chancellor as to the intention of the parties and as to whether their minds actually met in the contract, specific performance should not be decreed: Reilly v. Gautschi, 174 Pa. 80 ; Cortelyou's Appeal, 102 Pa. 576 ; Brown v. Pitcairn, 148 Pa. 387 ; Friend v. Lamb, 152 Pa. 529.

OPINION BY MR. JUSTICE BROWN, January 6, 1908 :

By no one of the assignments of error in this case are we asked to disturb any finding of fact of the court below, and under its findings a decree of specific performance could not have been equitably made. The contract which the appellant would have thus enforced was for the exchange of real estate. The lot which he agreed to convey to Kirk, the appellee, is situated in the city of Pittsburg, at the northeast corner of Penn and Brushton avenues, and in the agreement is described as " having a frontage of 191.52 feet on Penn Ave., and a depth of 156.41 feet on Brushton Avenue." The decree asked for was refused, because the dimensions of the lot as given in the deed tendered to the appellee varied materially from those which the court found he had understood them to be.

The contract between the parties was effected by a real estate agent, who had been authorized by Kirk to sell his property for cash. After sundry negotiations he submitted to Kirk an offer of the appellant to exchange for it the lot described and $10,000 in cash. During the negotiations the appellant prepared and furnished Minnemeyer, the agent, a pencil sketch of his lot, not purporting to be drawn to scale. This sketch showed the southerly line on Penn avenue to be 191.525 feet, the line on Brushton avenue 156.415 feet, and the easterly line 155 feet. It did not show the measurement of the northerly line of the property. The sketch was practically a rectangle. Minnemeyer delivered it to Kirk. At the time the appellant made it he did not know the exact dimensions of the northerly line, its length, as given in the deed from his grantor, having been but an estimate between them, and the length of this line was omitted from the sketch by the appellant for the reason that he did not wish to make a statement thereon. The sketch was drawn by the appellant without any fraud and without intent to deceive the appellee. During the negotiations and before the agreement was signed, Minnemeyer offered to show Kirk the lot, but he declined to look at it. Later, however, he visited it on a cold, stormy day, when there was snow on the ground, and made a casual examination. There were no monuments, marks or corners upon the ground and no buildings or erections adjoining it which in any manner indicated the location of the easterly line opposite Brushton avenue, or the northerly line opposite Penn avenue, and there was nothing to indicate that the easterly line was not parallel to the line on Brushton avenue or that the lot was not practically a parallelogram. The angle at Penn and Brushton avenues appeared upon the ground, but was not noticed by the appellee. The deed from Walker, the appellant's grantor, executed on March 4, 1904, gave the dimensions of the northerly line as 175.09 feet. This deed was not recorded until March 30, 1905. Kirk, upon examining the property, decided not to make the exchange, and so notified the agent, but several weeks thereafter, negotiations were renewed, and, without any further information as to the shape and dimensions of the lot, the contract was executed. At the time of its execution Kirk believed he was to secure the con-

veyance of a lot of the dimensions shown upon the sketch, that its northerly line was about 191 feet long and that it was practically rectangular. He was led to this conclusion by the plan or sketch prepared by the appellant. The appellee employed a title company to examine the title to the appellant's lot, when it was discovered by the company that his deed was not upon record, and Kirk was notified that a survey should be made. This was made and a draft of the lot sent to the appellee on March 15, 1905. As soon as he learned its actual dimensions and the discrepancy between its actual size and shape and what he believed them to be, he notified the appellant that the contract could not be performed because of such discrepancy and the misrepresentations which he claimed had been made with reference to the size and shape of the property. The discrepancy between the size of the lot for which the appellant tendered a deed and the size which the appellee believed he was to obtain was material and sufficient to affect his mind in making his agreement, and, had he known the facts, he would not have executed the contract. When the appellant, on March 30, 1905, tendered to the appellee a deed, it was refused, and the reason for the refusal of the tender was an alleged shortage of five feet in the northerly line. Upon the filing of the bill the reason for refusing was that the northerly line of the property was some twenty-one feet shorter than he had expected. Upon the foregoing facts, found by the court and not challenged, the bill for specific performance was dismissed.

The contention of the appellant is that the appellees ought not to be permitted to resist specific performance of their contract on the ground that the actual dimensions of the lot varied materially from what they believed them to be at the time the agreement for the exchange was made, because prior thereto David Kirk had personally viewed the land and had full opportunity to inform himself as to the angle made by the streets, it appearing clearly defined on the ground ; and it is urged that a misconception as to the angle resulting from the sketch made by the appellant, without any attempt to deceive, though susceptible of the construction put upon it by the appellees, is no excuse for their non-performance of their agreement. It is true Kirk did go and view the lot before entering

into the agreement, but it was on a cold, stormy day, snow was on the ground and the examination made was but a casual one. There were no monuments, marks or corners upon the lot, and no buildings or erections adjoining it in any manner indicated the location either of the easterly or northerly line of the property, and there was nothing to indicate that the easterly line was not parallel to the line of Brushton avenue or that the lot was not pratically a parallelogram. The angle at Penn and Brushton avenues was not noticed by the defendant. Before he viewed the lot he had been shown the sketch of it prepared by the appellant himself, indicating it to be practically a rectangle, and he was led to believe from this sketch that the northerly line was about 190 feet long and that the lot was practically rectangular. These are undisputed facts, and, in the face of them, it is ungracious to ask that the appellees be compelled to take that which, under a further unchallenged finding of the court, they would not have agreed to take if they had known its real dimensions.

It does not appear that when the agreement was entered into any deed was on record from which the length of the northerly line could have been ascertained. The lot was part of a larger tract originally owned by the appellant and Walker as cotenants. Their deed was on record, but from it the dimensions of the part subsequently sold by Walker to the appellant could not have been ascertained. In the deed from Walker to Allen the dimensions of the lot are given, but that deed was not placed on record until March 30, 1905 —more than a month after the date of the agreement. It was only after the title company discovered that a survey was necessary and the same was made that the discrepancy was discovered. That this is a material one is not disputed. Instead of getting a lot of equal width throughout, it is between twenty and twenty-one feet shorter in the rear than on the front. The lot is a corner city one, and, as to such, a variation much less would be most material. Some stress is laid upon the fact that the tender of the deed was first refused on account of an alleged shortage of only five feet. Such a shortage in such a lot might be material, but whether it was or not, the appellees had a right, on coming into court, to defend on the real measurement in the case, giving them twenty-

one feet less than they had a right to expect under their agreement.

The learned judge below cited authorities to support his correct conclusion that the bill ought to be dismissed, but he needed none. The equities were all with the appellees. The appellant, who sought relief, came into court with none. He had innocently and unintentionally, as found by the court, misled the parties with whom he contracted, but out of their mistake, so induced, no contract arose which equity would enforce. " Wherever the defendant's mistake was, either intentionally or not, induced or made probable or even possible, by the acts or omissions of the plaintiff, then, on the plainest principles of justice, such error prevents a specific enforcement of the agreement : " 2 Pomeroy's Equity, sec. 860.

Decree affirmed at appellant's costs.